JS 44C/SDNY
REV. 5/2010

CIVIL COVER SHEET

11 CIV 3849

JUDGE CEDARBAUM

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUN 07 2011

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Transport Workers Union, Local 100 | International Brotherhood of Trade Unions, Local 713 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Colleran, O'Hara & Mills L.L.P. by Denis A. Engel 1225 Franklin Avenue, Suite 450 Garden City, New York 11530 | O'Connor & Mangan, P.C. by Bryan McCarthy, Esq. 271 North Avenue, Suite 610 New Rochelle, New York 10801 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) This matter involves a petition to confirm an arbitration award pursuant to an agreement made by and between labor organizations (Labor Management Relations Act §301.29 U.S.C. §185.)

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ]   Dismissed. No[ ] Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)

## NATURE OF SUIT

### ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[X] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

☑ 1 Original          ☐ 2a. Removed from    ☐ 3 Remanded from   ☐ 4 Reinstated or   ☐ 5 Transferred from   ☐ 6 Multidistrict   ☐ 7 Appeal to District
     Proceeding             State Court            Appellate Court        Reopened            (Specify District)        Litigation           Judge from
                                                                                                                                             Magistrate Judge
                       ☐ 2b.Removed from                                                                                                     Judgment
                            State Court AND
                            at least one
                            party is pro se.

(PLACE AN x IN ONE BOX ONLY)                    **BASIS OF JURISDICTION**              *IF DIVERSITY, INDICATE*
                                                                                      *CITIZENSHIP BELOW.*
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 FEDERAL QUESTION   ☐ 4 DIVERSITY       *(28 USC 1322, 1441)*
                                              (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Transport Workers Union, Local 100
1700 Broadway, Second Floor
New York, New York 10019
County: New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

International Brotherhood of Trade Unions, Local 713
100 Garden City Plaza, Suite 100-A
Garden City, New York 11530
County: Nassau

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
             (DO NOT check either box if this a PRISONER PETITION.)

DATE 6/7/11   SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                       [ ] NO
RECEIPT #                                              [X] YES (DATE ADMITTED Mo. 8   Yr. 1995   )
                                                       Attorney Bar Code # DAE-7796

Magistrate Judge is to be designated by the Clerk of the Court. MAG. KATZ

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATETS DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 3849

-------------------------------------------------------------------X

TRANSPORT WORKERS UNION, LOCAL 100,

Petitioner,

- and -

INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS, LOCAL 713,

Respondent.

-------------------------------------------------------------------X

Civil Action No.:

**VERIFIED PETITION**

JUDGE CEDARBAUM

Petitioner, TRANSPORT WORKERS UNION, LOCAL 100 ("LOCAL 100"), by

its attorneys, COLLERAN, O'HARA & MILLS, respectfully alleges:

## PARTIES

1.       At all times relevant herein petitioner, LOCAL 100 was and still is a labor

organization in an industry affecting commerce with its principal offices located at 1700

Broadway, New York, New York 10019.

2.       Upon    information    and    belief,    respondent,    INTERNATIONAL

BROTHERHOOD OF TRADE UNIONS, LOCAL 713 ("LOCAL 713") was and still is a labor

organization with its principal offices located at 100 Garden City Plaza, Suite 100-A, Garden

City, New York 11530.

3.       At all times hereinafter mentioned, LOCAL 713 transacted business

within the State of New York.

## JURISDICTION

4.      This court has jurisdiction over the within matter pursuant to the Labor Management Relations Act §301, 29 U.S.C. §185, as this action seeks confirmation of an arbitration award pursuant to an agreement made by and between labor organizations.

## VENUE

5.      Venue properly lies in the Southern District of New York because it is the judicial district in which the proceedings took place, thus making it the district in which the Award and the Modified Award were made pursuant to the Federal Arbitration Act. 9 U.S.C. §9.

## FACTUAL BACKGROUND

6.      On November 8, 2010, LOCAL 100 and The International Union of Journeymen and Allied Trades ("IUJAT") entered into a No-Raid Agreement (the "Agreement"). The Agreement was made by IUJAT on behalf of current and future affiliated entities. At the time the Agreement was signed, LOCAL 713 was IUJAT LOCAL 713, an affiliated entity of IUJAT. A copy of the agreement is annexed hereto as Exhibit "A".

7.      Pursuant to the Agreement the parties were to refrain from "organizing, representing, raiding, decertifying, or otherwise terminating the established collective bargaining relationship of the other during the term of this Agreement." See Exhibit "A" at page 1, paragraph 1.

8.      Pursuant to the Agreement, any dispute arising thereunder that could not be settled by the Parties, was to be determined by a mutually selected arbitrator from the American Arbitration Association. See Exhibit "A" at page 3, paragraph (b).

2

any mention of a grant or denial of monetary damages. A copy of the Request for Modification is annexed hereto as Exhibit "C."

15. On May 13, 2011, Arbitrator Berger granted LOCAL 100's modification request and issued a Modified Award. A copy of the Modified Award is annexed hereto as Exhibit "D."

16. In the Modified Award, the Arbitrator ordered LOCAL 713 to reimburse LOCAL 100 for the following fees and expenses attendant to the Arbitration proceeding: legal fees in the amount of $1,866.25, fees of the American Arbitration Association in the amount of $225.00, postage and UPS expenses in the amount of $46.70, and attorney's fees for the hearing in the amount of $600.00. See Exhibit "D" at page 2.

17. This Petition is brought within one (1) year after the delivery of the Award and Modified Award to the respondent and no application has been made to this Court requesting that the Award and Modified Award be vacated or modified upon any ground specified in 9 U.S.C. §§10 or 11.

18. No application for the relief sought herein has previously been made to this or any other Court.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Petitioners repeat and reiterate each and every allegation contained in paragraph 1 through 18 as though fully set forth at length herein.

20. Pursuant to 9 U.S.C.§9, since no court is specified in the Agreement of the parties by which judgment of the court shall be entered upon the Award and Modified Award made pursuant to the Arbitration, this application is being made to the United States Court in and for the district within which such Awards were made.

4

21.    This Petition is brought to confirm the Arbitrator's Award and Modified Award directing LOCAL 713 to abide by the Agreement.

22.    In addition, the Modified Award provides for money damages in the amount of Two-Thousand, Seven-Hundred Thirty-Seven Dollars and Ninety-Five Cents ($2,737.95), which LOCAL 100 demands as damages.

WHEREFORE, Petitioners demand Judgment confirming the Arbitration Award of Ralph S. Berger sworn to April 25, 2011 and confirming the Modified Award of Ralph S. Berger sworn to May 13, 2011 and for the monetary sum of Two-Thousand, Seven-Hundred Thirty-Seven Dollars and Ninety-Five Cents ($2,737.95) and for such other and further relief as this court deems just, proper and equitable.

Dated:  Garden City, New York
        June 6, 2011

Respectfully submitted,

COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Petitioners

By: _____
        DENIS A. ENGEL (DAE-7796)
1225 Franklin Avenue
Suite 450
Garden City, New York  11530
(516) 248-5757

TO:    LOCAL 713
       International Brotherhood of Trade Unions, Local 713
       100 Garden City Plaza, Suite 100-A
       Garden City, New York 11530.
            -and-
       Bryan McCarthy, Esq.
       O'Connor & Mangan, P.C.
       271 North Avenue, Suite 610
       New Rochelle, New York 10801
       *Counsel to LOCAL 713*

5

STATE OF NEW YORK)
               ) ss.:
COUNTY OF NASSAU )

        Denis A. Engel, being duly sworn, deposes and says:

        That he is an attorney and counselor at law duly admitted and licensed to practice in the Courts of the United States District Court for the Southern District of New York; that he is associated with the firm of COLLERAN, O'HARA & MILLS, attorneys for petitioners herein, that he has read the foregoing VERIFIED PETITION and knows the contents thereof. The same is true to my knowledge except as to the matters stated therein to be alleged upon information. and belief and as to those matters, I believe them to be true.

        That the reason this verification is made by your deponent and not by petitioners is that, upon information and belief, the petitioners are not presently within the County where your deponent has his office.

        That the source of your deponent's information and the grounds of his belief as to the matters so alleged herein are conversations and correspondence had with the client regarding the subject matter of this controversy, a review of the documents contained in my office files, and attendance at the Arbitration hearing.

                                      DENIS A. ENGEL (DAE–7796)

Sworn to before me this
6th day of June, 2011.

NOTARY PUBLIC
LINDA PERILLO
Notary Public, State of New York
No. 01PE6028222
Qualified in Nassau County
Commission Expires July 26, 2013

# EXHIBIT "A"

## AGREEMENT

This Agreement is between the International Union of Journeymen and Allied Trades, and all current and future affiliated entities, including, without limitation, any and all Locals of 1) the United Service Workers ("USW"), 2) the United Service Workers of America ("USWA"), 3) the National Organization of Industrial Trade Unions ("NOITU"), 4) the United Public Service Employees Union ("UPSEU") and 5) the United Association of Workers of America ("UAWA"), (collectively, "IUJAT"), and Transport Workers Union Local 100, AFL-CIO ("TWU Local 100"), also jointly referred to as "the Parties".

**WHEREAS**, the Parties agree that interference by one of our unions in the other's established collective bargaining relationships (also referred to as "raiding") is destructive, not in the best interests of our memberships and not in the best interests of the labor movement generally; and

**WHEREAS**, IUJAT and TWU LOCAL 100 seek to promote harmonious relations and amicably resolve any disagreements which may exist between the Parties.

## NOW THEREFORE THE PARTIES AGREE AS FOLLOWS:

1) The Parties shall refrain from organizing, representing, raiding, decertifying, or otherwise terminating the established collective bargaining relationship of the other during the term of this Agreement. For the purpose of this provision, the term "established collective bargaining relationship" means any situation in which either Union (a) has been recognized for a year or more by the employer as a collective bargaining representative of the employees involved, or (b) has been certified by the National Labor Relations Board or other Federal, State, or other Agency as the collective bargaining representative of the employees. Attached as Appendix A is a listing of such currently established relationships. The list may be amended over time to correct errors and/or as each party continues its organizing efforts. Where either party

organizes an employer during the period of this Agreement, said relationship shall be granted the same protections as those listed in Appendix A.

2)   Where either Party currently represents workers in an established collective bargaining relationship, the other Party shall make no effort to become the bargaining representative or to decertify or otherwise de-authorize the other Party's representation rights.   If either Party is approached by workers expressing an interest in changing representatives, they shall inform the workers of this Agreement and encourage them to work within their existing Union structure to resolve their concerns.

3)  The IUJAT and the TWU LOCAL 100 reiterate and confirm their understanding that as an expression of the mutual good faith desire to facilitate effectuation of the Agreement, the Parties agree to promptly terminate any and all current raiding activities against the other, if such activities exist, upon the signing of this Agreement and to effectuate terms of any additional agreements made between them in settlement of any and all activities in conflict.

4)   IUJAT and TWU LOCAL 100 agree that they will not seek to accomplish indirectly that which they cannot do directly under the terms of this Agreement.  In this context, neither Party will encourage or support an allied organization or any third party with respect to any activity (or threatened activity) that if taken by either Party would violate this Agreement.  Nor will either Party seek to benefit from any such activity undertaken by an allied organization or third party. Notwithstanding any other provision in this Agreement, nothing in this Agreement shall be interpreted to preclude one Party from seeking to represent a unit in which the other Party was decertified if such Party did not participate or assist in any way, either directly or indirectly, in the decertification.

5)   Any dispute arising out of the interpretation or application of this Agreement, or claims of a violation of this Agreement, including any additional agreements in settlement of any and all activities in conflict, shall be resolved in the following manner.

- 2 -

a. The IUJAT and the TWU LOCAL 100 will encourage resolution of disputes at the local and district levels of both respective organizations. Disputes or complaints not resolved at that level within three (3) working days shall be forwarded to the President of the respective Union, or the President's designee.

b. The designated individuals at the IUJAT and the TWU LOCAL 100 shall have five (5) working days to resolve the complaint or dispute. If the issues are not resolved within that time, the matter shall be referred to a mutually selected arbitrator from the American Arbitration Association within the state in which the unit in dispute is located, failing which, the designation shall be made by the American Arbitration Association panel selection process provided for under the Labor Arbitration Rules.

c. Unless mutually agreed to by the Parties, the arbitrator shall schedule a hearing within five (5) working days of the referral from the Parties. The decision of the arbitrator, which may include a remedy if any violation is found, shall be final and binding on all Parties, and shall be issued within five (5) working days of the hearing. The costs and expenses of such arbitration (but not the Parties' own expenses) shall be borne equally by the IUJAT and the TWU LOCAL 100.

d. Following the arbitrator's award, should either Party question whether the other Party is in compliance with the award, the case shall be referred back to the arbitrator. The arbitrator is empowered to determine whether there has been compliance with his or her earlier award and to issue any clarification that he or she deems necessary.

e. If, after step (d) above, either party believes that the other is not in compliance, enforcement may be sought in the appropriate federal

district court, including the district court in which the affected employer's operation is located, for the sole purpose of enforcing the arbitrator's decision. The Party seeking compliance is entitled to all available legal and equitable relief, including, but not limited to, injunctive relief.

6) This Agreement shall be binding on successors and any merged entity with which either Party merges, affiliates, or consolidates. Both the IUJAT and the TWU LOCAL 100 agree that they will support each other in protecting their respective rights.

7) The IUJAT and the TWU LOCAL 100 hereby declare and certify that each has full legal authority to enter into and enforce this Agreement on behalf of their local unions, districts, regions, divisions, conferences, affiliates, and any and all other current and future affiliated entities and shall enforce the terms of this Agreement as may be required, with respect to their respective local unions, districts, regions, divisions, conferences, and affiliates.

9) This Agreement is subject to applicable law. To the extent that any provision of this Agreement may be found to be illegal under applicable law, such provision shall not be enforced and shall not affect the operation of the other provisions of this Agreement.

10) This Agreement does not give rise to any rights in any third parties. This Agreement is intended only to be enforceable by the Parties to this Agreement.

11) Any changes, amendments, or modifications to this Agreement shall only be made in writing and by mutual agreement of the Parties.

12) The Parties agree that the Agreement shall commence upon the execution of same and shall have a duration of four (4) years, commencing with the date of execution set forth herein. Thereafter, it shall continue in effect for an additional year. In the same manner, this Agreement, with any amendments, shall remain in effect from

- 4 -

year to year thereafter, subject to termination at the expiration of any such contract year. Either Party may terminate the Agreement upon written notification to the other Party, as provided herein, by certified mail, return receipt requested or by overnight mail.

International Union of Journeymen and Allied Trades (IUJAT)

_____          11/8/10
by: Steven Elliott, International President          Date


Transport Workers Union Local 100, AFL-CIO (TWU LOCAL 100)

_____          11/8/10
by: John Samuelsen, President          Date

# APPENDIX A

TWU LOCAL 100

School Bus and Paratransit

Royal Coach *Never organized (Locations) SB 11/8/10*

White Plains Bus

Mile Square

Regents Bus

First Transit — *IUJAT Also Represents Some Locations SB 11/8/10*

Supertrans *Never organized (Locations) SB 11/8/10*

Bauman Bus (Ossining depot)

Ardsley Bus

Greenwich Bus STA

Columbus Transit *Never organized (Locations) SB 11/8/10*

LaSalle Bus

Atlantic Paratransit *IUJAT Also Represents Some Locations SB 11/8/10*

GVC2 —— *Never organized (Locations) SB 11/8/10*

- 6 -

EXHIBIT "B"

**AMERICAN ARBITRATION ASSOCIATION**
**CASE NO.  13 300 00316 11**
------------------------------------------------------------X

In the Matter of the Arbitration between

**Transport Workers Union, Local 100,**

                                        Union,                    **OPINION & AWARD**

                                                                  RALPH S. BERGER
              - and -                                             Arbitrator

**Local 713,**

                                        Union

Re:    Breach of No-Raid Agreement

------------------------------------------------------------X

**APPEARANCES**

              For TWU Local 100:
              Denis A. Engel, Esq.
              Steven G. Farkas, Esq.
              Colleran, O'Hara & Mills, LLP


              For Local 713:
              No Appearances


The undersigned was duly designated by the American Arbitration Association ("AAA") to serve as arbitrator of the dispute described below. A hearing was held at the offices of the AAA in New York City on April 11, 2011. Local 713 did not appear at the hearing despite repeated notification from the AAA, nor did it seek a postponement. The AAA also repeatedly gave Local 713 the opportunity to obtain a court order staying the instant proceeding. Local 713

did not do so. Accordingly, the hearing proceeded *ex parte* in accordance with

Rule 27 of the Labor Arbitration Rules of the AAA.

## THE ISSUE

TWU Local 100 submitted the following issue for arbitral

determination:

> Did Local 713 breach a no-raid agreement between the parties when it sought to organize, through an election supervised by the National Labor Relations Board, employees of Miles Square? If so, what shall be the remedy?

## NO-RAID AGREEMENT[1]

This agreement is between the International Union of Journeymen and Allied Trades ("IUJAT") and all current and future affiliated entities....and Transport Workers Union Local 100 AFL-CIO ("Local 100"), also jointly referred to as "the Parties."

NOW THEREFORE THE PARTIES AGREE AS FOLLOWS:
1) The Parties shall refrain from organizing, representing, raiding, decertifying, or otherwise terminating the established collective bargaining relationship of the other during the term of this Agreement. For the purpose of this provision, the term "established collective bargaining relationship" means any situation in which either Union (a) has been recognized for a year or more by the employer as a collective bargaining representative of the employees involved, ...Attached as Appendix A is a listing of such currently established relationships.
3) The IUJAT and the TWU Local 100....agree to promptly terminate any and all current raiding activities against the other, if such activities exist, upon the signing of the Agreement and to effectuate terms of any additional agreements made between them in settlement of any and all activities in conflict.
4) IUJAT and TWU Local 100 agree that they will not seek to accomplish indirectly that which they cannot do directly under the terms of this Agreement....
5) Any dispute arising out of the interpretation or application of this Agreement, or claims of a violation of this Agreement,...shall be resolved in the following manner.
   b. The designated individuals at the IUJAT and the TWU Local 100 shall have five (5) working days to resolve the complaint or dispute. If the issues are not resolved within that time, the matter shall be referred to a mutually selected arbitrator from the American Arbitration Association within the state in

---

[1] Exhibit 2.

2

which the unit in dispute is located, failing which, the designation shall be made by the American Arbitration Association panel selection process provided for under the
Labor Arbitration Rules.

12) The Parties agree that the Agreement shall commence upon the execution of same and shall have a duration of four (4) years, commencing with the date of execution set forth herein. Thereafter, it shall continue in effect for an additional year. In the same manner, this Agreement, with any amendments, shall remain in effect from year to year thereafter, subject to termination at the expiration of any such contract year. Either Party may terminate the Agreement upon written notification to the other Party,...

## REMEDY REQUESTED:

1) A determination that Local 713 is bound by, and has violated, the No-Raid Agreement.
2) An Order requiring Local 713 to cease and desist from violating the terms of the No-Raid Agreement now and for the duration of the Agreement.
3) Reimbursement of fees and expenses arising from the instant arbitration.[2]

## OPINION

The unrefuted documentary evidence and the testimony of TWU Local 100 counsel Denis Engel establish that the presidents of IUJAT and Transport Workers Union Local 100 ("Local 100") executed the No-Raid Agreement ("Agreement") at issue herein on November 8, 2010. At the time of the execution of the Agreement, Local 713 was a member of IUJAT.

Appendix A of the Agreement lists Miles Square, a school bus company in Yonkers, as one of Local 100's "established relationships." Miles Square and

---

[2] Local 100 submitted itemized legal fees of $1,866.25 (Exhibit 18), AAA fees of $225.00, postage and UPS expenses of $46.70 (Exhibit 19), and attorney's fees for the hearing (four hours @ $150 per hour) of $600. These expenses total $2,738.00.

3

Local 100 are parties to a collective bargaining agreement effective March 1, 1999 through June 30, 2002

> and from year to year thereafter, unless and until either of the parties hereto shall give the other written notice at least sixty (60) days prior to the expiration date, or the expiration date in any year thereafter, of its intention to have same changed or terminated.[3]

Local 100 and Miles Square are also parties to a Memorandum of Agreement ("MOA") effective July 1, 2006 through June 30, 2009, which MOA has been extended and is currently in effect.[4]

Shortly after the execution of the Agreement, Local 100 became aware that Local 713 was seeking to represent the employees of Miles Square, and had filed for a National Labor Relations Board ("NLRB") election.[5]  On February 3, 2011, Local 100 filed a Demand for Arbitration with the AAA alleging a breach of the No-Raid Agreement by IUJAT.[6]

By letter dated February 7, 2011, addressed to "Peter Hasho, President, Local 713, IUJAT," President Steve Elliott of IUJAT, informed Local 713 that its IUJAT charter was revoked effective on that date. The stated reason was that Local 713's refusal to withdraw the petition for an election at Miles Square, despite numerous requests, "may have violated the spirit of the No-Raid Agreement."[7]

On February 9, 2011, Local 100 amended the Demand for Arbitration to remove IUJAT as a party and substitute Local 713 as the Respondent.  The

---

[3] Exhibit 16, Paragraph 32 (Duration).
[4] Exhibit 17.
[5] The election was held in March 2011. Local 100 won the election.
[6] Exhibit 1.
[7] Exhibit 4.

4

Amended Demand was sent by certified mail and received by Local 713 on February 10, 2011.[8]

By letter dated February 15, 2011, counsel to Local 713 informed AAA that Local 713 "is not now nor was it ever a party to any agreement to arbitrate any dispute with TWU Local 100," and stated that AAA "lacks the authority to process" the Demand for Arbitration.[9]

Counsel for Local 100, by letter to the AAA dated February 16, 2011, enclosing a copy of the No-Raid Agreement, maintained that Local 713 was clearly a "currently affiliated entity" at the time the Agreement was executed, and demanded that the AAA proceed with arbitration.[10]

By letter dated February 22, 2011, the AAA acknowledged Local 713's objection, and after reviewing positions of both parties, informed counsel for Local 713 that "in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with its further administration."[11]

By letter dated March 8, 2011, counsel for Local 713 informed AAA that it "will continue to refuse to participate" in the matter.[12]

On March 16, 2011, the AAA sent the parties a Notice of Hearing to take place on April 11, 2011.[13]  On March 18, 2011, the AAA asked Local 100 to comment on Local 713's March 8 letter.[14]

---

[8] Exhibit 3.
[9] Exhibit 5.
[10] Exhibit 6
[11] Exhibit 7.
[12] Exhibit 9.
[13] Exhibit 10.
[14] Exhibit 11.

5

By letter dated March 24, 2011 to the AAA, counsel to Local 100 referred again to Local 713's obligation under paragraph 1 of the No-Raid Agreement. With respect to Local 713's regarding notice, counsel cited Local 713's receipt of the Demand for Arbitration on February 10, 2011.[15]

On March 29, 2011, the AAA acknowledged receipt of Local 100's letter of March 24, 2011, and reiterated its intention to proceed in the absence of agreement of the parties or a court order.[16]   On April 6 and 8, 2011, the AAA confirmed that the arbitration hearing would take place on April 11, 2011, which it did.[17]

Based on the uncontradicted record evidence, it is clear that Local 713 was affiliated with IUJAT at the time that the No-Raid Agreement was executed on November 8, 2010, and that it was expelled from the association three months later because it had ignored IUJAT's requests to withdraw its election petition for Miles Square.

Under the No-Raid Agreement, Local 713 was obligated to refrain from attempting to organize or represent the employees of any employer with which Local 100 had an established relationship.  Local 713 was also obligated to bring to a halt any such attempt that was under way when the Agreement was executed. The record shows that Local 100 and Miles Square had an established bargaining relationship going back to 1999.  Under these circumstances, whether the attempt to organize Miles Square began before or after the execution of the

---

[15] Exhibit 12.
[16] Exhibit 13.
[17] Exhibits 14 and 15.

6

No-Raid Agreement, Local 713's pursuit of an NLRB election there clearly violated said Agreement.

Because Local 713 was covered by the terms of the No-Raid Agreement at the time it was signed, it is bound by those terms for the life of that Agreement, regardless whether it maintains an affiliation with IUJAT. Accordingly, it must abide by the no-raid provisions of that Agreement through the date of expiration, *i.e.*, November 7, 2014.

Accordingly, based on the record before him, the Arbitrator renders the

following

## AWARD:

The grievance is granted. Local 713 violated the No-Raid Agreement entered into by TWU Local 100 and IUJAT, with whom Local 713 was affiliated when it sought to organize, through an election supervised by the National Labor Relations Board, the employees of Miles Square.

As a remedy, Local 713 shall cease and desist from participating in activities prohibited by the No-Raid Agreement until said Agreement expires on November 7, 2014.


Dated:      April 25, 2011
            Brooklyn, New York

RALPH S. BERGER
Arbitrator

8

I, RALPH S. BERGER, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Opinion and Award.

Dated:      April 25, 2011
            Brooklyn, New York

_____
RALPH S. BERGER
Arbitrator

9

EXHIBIT "C"

## COLLERAN, O'HARA & MILLS L.L.P.

### 1225 FRANKLIN AVENUE, SUITE 450

### GARDEN CITY, NEW YORK 11530

516 248-5757
212 614-9119

 288

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL

STEPHANIE SUAREZ
JOHN S. GROARKE*

MICHAEL D. JEW
ROBIN YOUNG TYRRELL
MICHAEL D. BOSSO
ERIN O. BRENNAN
STEVEN C. FARKAS

*ALSO ADMITTED IN NJ

OF COUNSEL
GLENN A. KREBS

PARALEGALS
LAURA A. HARRINGTON
JOAN CANCELLIERI
KRISTINE MURPHY
LILLY PIAZZA
KERI ILASI

EDWARD J. CLEARY
HEALTH & SAFETY CONSULTANT

April 28, 2011

**VIA UPS OVERNIGHT DELIVERY**
Ralph S. Berger, Esq., Arbitrator
American Arbitration Association
1633 Broadway, 10th Floor,
New York, New York 10019

> Re:    TWU Local 100 v. Local 713
> Case # 13 300 00316 11

Mr. Arbitrator,

Enclosed please find an Application for Modification of your arbitration award dated April 25, 2011. Thank you for your attention to this matter.

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P.

By: DENIS A. ENGEL

Our File No: 0100-5019
Enclosure
Cc:    John Samuelsen, President w/o enclosures
       TWU Local 100
       1700 Broadway, Second Floor
       New York, N.Y. 10019

COLLERAN, O'HARA & MILLS L.L.P.

Ralph S. Berger, Esq., Arbitrator
April 28, 2011
Page 2

Bryan McCarthy via UPS Overnight Delivery
O'Connor & Mangan, P.C.
271 North Avenue, Suite 610
New Rochelle, New York 10801

Jeffrey Kriegsman
American Arbitration Association
1633 Broadway, 10th Floor,
New York, New York 10019

AMERICAN ARBITRATION ASSOCIATION
CASE NO. 13 300 00316 11
-----------------------------------------------------------------X

In the Matter of the Arbitration between       :
                                               :
TRANSPORT WORKERS UNION, LOCAL 100,            :
                                               :          **APPLICATION**
                          Union,               :          **FOR MODIFICATION**
                                               :          **OF ARBITRATION**
        -   and   -                            :          **AWARD**
                                               :
LOCAL 713,                                     :
                                               :
                          Union,               :
                                               :
Re:  Breach of No-Raid Agreement               :
-----------------------------------------------------------------X

To:    Ralph S. Berger, Esq., Arbitrator
       American Arbitration Association
       1633 Broadway, Floor 10
       New York, New York 10019

        I, the undersigned, do hereby apply pursuant to N.Y. C.P.L.R. 7509 for the modification of the award made by you on the 25th day of April, 2011, (the "Award") and delivered to me on the same day, finding that Local 713 violated the No-Raid Agreement entered into between Transport Workers Union Local 100 ("Local 100") and Local 713. This request for modification of the Award is upon the ground that there was a miscalculation of figures in that despite your reference to the request by Local 100 for an award granting it the fees and costs associated with the arbitration in footnote two on page three of the Award, the final Award and remedy failed to include any mention of a grant or denial of monetary damages. Local 100 requests a modification of the Award to include that the costs incurred by Local 100 in bringing the grievance be paid by Local 713.

Dated: April 28, 2011                          Very truly yours,
                                               COLLERAN, O'HARA & MILLS L.L.P.

                                               By: _____
                                               DENIS A. ENGEL
                                               Attorneys for Local 100
                                               1225 Franklin Avenue, Suite 450
                                               Garden City, New York 11530
                                               (516) 248-5757
                                               Fax: (516) 742-1765

Our File No: 0100-5019

Cc:    John Samuelsen, President
        TWU Local 100
        1700 Broadway, Second Floor
        New York, N.Y. 10019

        Bryan McCarthy _via_ UPS Overnight Mail
        O'Connor & Mangan, P.C.
        271 North Avenue, Suite 610
        New Rochelle, New York 10801

COLLERAN, O'HARA & MILLS L.L.P.

1225 FRANKLIN AVENUE, SUITE 450

GARDEN CITY, NEW YORK 11530

516 248-5757
212 614-9119

⊗ 288

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL

STEPHANIE SUAREZ
JOHN S. GROARKE*

MICHAEL D. JEW
ROBIN YOUNG TYRRELL
MICHAEL D. BOSSO
ERIN O. BRENNAN
STEVEN C. FARKAS

*ALSO ADMITTED IN NJ

OF COUNSEL
GLENN A. KREBS

PARALEGALS
LAURA A. HARRINGTON
JOAN CANCELLIERI
KRISTINE MURPHY
LILLY PIAZZA
KERI ILASI

EDWARD J. CLEARY
HEALTH & SAFETY CONSULTANT

April 28, 2011

**VIA UPS OVERNIGHT DELIVERY**
Bryan McCarthy, Esq.
O'Connor & Mangan, P.C.
271 North Avenue, Suite 610
New Rochelle, New York 10801

Re:    TWU Local 100 v. Local 713
       Case # 13 300 00316 11

Mr. McCarthy,

Enclosed please find a Notice of Application for Modification of Arbitration Award and an Application for Modification of Arbitration Award in the above-referenced matter.

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P.

By: DENIS A. ENGEL

Our File No: 0100-5019
Enclosure
Cc:    John Samuelsen, President w/o enclosures
       TWU Local 100
       1700 Broadway, Second Floor
       New York, N.Y. 10019

COLLERAN, O'HARA & MILLS L.L.P.

Bryan McCarthy, Esq.
April 28, 2011
Page 2

Jeffrey Kriegsman
American Arbitration Association
1633 Broadway, 10th Floor,
New York, New York 10019

AMERICAN ARBITRATION ASSOCIATION
CASE NO. 13 300 00316 11

-------------------------------------------------------------X

In the Matter of the Arbitration between      :

TRANSPORT WORKERS UNION, LOCAL 100,   :

                  Union,    :

    -  and  -              :

LOCAL 713,                  :

                  Union,    :

Re: Breach of No-Raid Agreement    :

-------------------------------------------------------------X

**NOTICE OF
APPLICATION FOR
MODIFICATION OF
ARBITRATION
AWARD**

Bryan McCarthy, Esq.
O'Connor & Mangan, P.C.
271 North Avenue, Suite 610
New Rochelle, New York 10801
*Attorneys for Local 713*

**PLEASE TAKE NOTICE,** that an application pursuant to N.Y. C.P.L.R. 7509 has been made to Ralph S. Berger, Arbitrator, for the modification of the award made by him on the 25th day of April, 2011, (the "Award") and delivered to me on the same day, finding that Local 713 violated the No-Raid Agreement entered into between Transport Workers Union Local 100 ("Local 100") and Local 713.

Dated: April 28, 2011

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P.

By: _____

DENIS A. ENGEL
Attorneys for Local 100
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757
Fax: (516) 742-1765

Our File No: 0100-5019
Cc:    John Samuelsen, President
       TWU Local 100
       1700 Broadway, Second Floor
       New York, N.Y. 10019

AMERICAN ARBITRATION ASSOCIATION
CASE NO. 13 300 00316 11
--------------------------------------------------------------X
In the Matter of the Arbitration between    :

TRANSPORT WORKERS UNION, LOCAL 100,   :

       Union,    :   **APPLICATION**
             :   **FOR MODIFICATION**
             :   **OF ARBITRATION**
  -  and -        :   **AWARD**
             :
LOCAL 713,          :

       Union,    :

Re: Breach of No-Raid Agreement    :
--------------------------------------------------------------X

To:  Ralph S. Berger, Esq., Arbitrator
   American Arbitration Association
   1633 Broadway, Floor 10
   New York, New York 10019

    I, the undersigned, do hereby apply pursuant to N.Y. C.P.L.R. 7509 for the modification of the award made by you on the 25th day of April, 2011, (the "Award") and delivered to me on the same day, finding that Local 713 violated the No-Raid Agreement entered into between Transport Workers Union Local 100 ("Local 100") and Local 713. This request for modification of the Award is upon the ground that there was a miscalculation of figures in that despite your reference to the request by Local 100 for an award granting it the fees and costs associated with the arbitration in footnote two on page three of the Award, the final Award and remedy failed to include any mention of a grant or denial of monetary damages. Local 100 requests a modification of the Award to include that the costs incurred by Local 100 in bringing the grievance be paid by Local 713.

Dated: April 28, 2011          Very truly yours,
                  COLLERAN, O'HARA & MILLS L.L.P.

                  By:_____
                  DENIS A. ENGEL
                  Attorneys for Local 100
                  1225 Franklin Avenue, Suite 450
                  Garden City, New York 11530
                  (516) 248-5757
                  Fax: (516) 742-1765

Our File No: 0100-5019

Cc:    John Samuelsen, President
       TWU Local 100
       1700 Broadway, Second Floor
       New York, N.Y. 10019

       Bryan McCarthy _via_ UPS Overnight Mail
       O'Connor & Mangan, P.C.
       271 North Avenue, Suite 610
       New Rochelle, New York 10801

EXHIBIT "D"

**AMERICAN ARBITRATION ASSOCIATION**
**CASE NO. 13 300 00316 11**
------------------------------------------------------------------------X

In the Matter of the Arbitration between

**Transport Workers Union, Local 100,**

Union,                          **MODIFIED AWARD**

                                RALPH S. BERGER
- and -
                    Arbitrator

**Local 713,**

Union

Re:    Breach of No-Raid Agreement

------------------------------------------------------------------------X


An Opinion and Award was rendered in the above captioned matter on April 25, 2011. On May 11, 2011, the Arbitrator received an Application for Modification of Arbitration Award dated April 28, 2011, filed by the Transport Workers Union, Local 100 ("Local 100"). In it, Local 100 seeks an Award granting it the fees and costs associated with the arbitration proceeding referred to by the undersigned in footnote 2 on page 3 of the April 25, 2011 Award. By letter dated May 9, 2011, the American Arbitration Association notified the undersigned that it has not received a response from Local 713 to Local 100's request for modification.

Accordingly, the Arbitrator renders the following

## MODIFIED AWARD:

The grievance is granted. Local 713 violated the No-Raid Agreement entered into by TWU Local 100 and IUJAT, with whom Local 713 was affiliated when it sought to organize, through an election supervised by the National Labor Relations Board, the employees of Miles Square.

As a remedy, Local 713 shall cease and desist from participating in activities prohibited by the No-Raid Agreement until said Agreement expires on November 7, 2014. Local 713 shall also reimburse Local 100 for the following fees and expenses attendant to the instant arbitration proceeding: legal fees in the amount of $1,866.25, fees of the American Arbitration Association in the amount of $225.00, postage and UPS expenses in the amount of $46.70, and attorney's fees for the hearing in the amount of $600.00.

Dated:     May 13, 2011
           Brooklyn, New York

RALPH S. BERGER
Arbitrator

I, RALPH S. BERGER, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Modified Award.

Dated:      May 13, 2011
            Brooklyn, New York

RALPH S. BERGER
Arbitrator

3